# Lockwood *v.* Bradford, Appellant.

*Negligence — Municipality — Pedestrian — Defective sidewalk—Constructive notice—Board walk.*

In an action against a municipality for damages for personal injuries received from a fall on the board sidewalk of a city street, where there is testimony that the general condition of the board walk was such as to require constant supervision and frequent repairs, that some decayed planks were removed a short time before the accident and other defective planks were left, that at the place of the accident several planks had been loose for a week, and that the plank which broke when plaintiff stepped on it was loose and so decayed from the under side that it fell in pieces when removed from the sidewalk, the evidence is sufficient to take the case to the jury on the ground of constructive notice.

Argued May 4, 1910. Appeal, No. 92, Jan. T., 1910, by defendant, from judgment of C. P. McKean Co., Feb. T., 1908, No. 126, on verdict for plaintiff in case of Clara Lockwood v. City of Bradford. Before FELL, C. J., BROWN, POTTER, ELKIN and STEWART, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before BOUTON, P. J.

The facts appear in the opinion of the Supreme Court.

Verdict and judgment for plaintiff for $5,081.25. Defendant appealed.

*Error assigned* was, inter alia, in refusing to enter judgment for defendant n. o. v.

*F. P. Schoonmaker,* city solicitor, with him *Mullin & Mullin,* for appellant.—There was no notice to the city of the defect: Merrigan v. Evans, 221 Pa. 1; Burns v. Bradford, 137 Pa. 361; Garland v. Wilkes-Barre, 212 Pa. 151; Yeager v. Berwick Boro., 218 Pa. 265.

*J. E. Mullin,* with him *John D. Melvin,* for appellee.—The general condition of this sidewalk was notice to the

city of the defect: Faulk v. Iowa County, 103 Iowa, 442 (72 N. W. Repr. 757); Wilberding v. City of Dubuque, 111 Iowa, 484 (82 N. W. Repr. 957); Boyle v. Saginaw, 124 Mich. 348 (82 N. W. Repr. 1057); Noyes v. Gardner, 147 Mass. 505 (18 N. E. Repr. 423); Propsom v. Leatham, 80 Wis. 608 (50 N. W. Repr. 586).

Where a defect exists for a long time, the question is for jury as to notice: Butcher v. Phila., 202 Pa. 1; Dean v. New Castle, 201 Pa. 51; Rachmel v. Clark, 205 Pa. 314; Curry v. Erie, 209 Pa. 283; Holbert v. Phila., 221 Pa. 266; Steck v. Allegheny, 213 Pa. 573.

PER CURIAM, July 1, 1910:

The plaintiff was injured by falling on the sidewalk of a city street. The walk was constructed of hemlock planks nineteen years before the accident. There was no proof of an actual notice to the city authorities of the defective condition of the walk, but there was testimony to the effect that its general condition because of the decay of the planks and the stringers to which they were spiked, was such as to require constant supervision and frequent repairs; that some decayed planks were removed a short time before the accident and other defective planks were left with the expectation that they would last a few months longer; that at the place of the accident several planks had been loose for a week; that the plank that broke when the plaintiff stepped on it was loose and so decayed from the under side that it fell in pieces when removed from the walk. This testimony was sufficient to take the case to the jury on the ground of constructive notice.

The judgment is affirmed.